| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| Richard Learn, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-13-2388 |
| Marie Hummert, et al., | § § | |
| Defendants. | § § | |

## Opinion on Summary Judgment

1. *Introduction.*

Richard Learn sued the United States, his employer, because he was not promoted. He says its decision not to promote him was based on his age. It had four legitimate reasons, unrelated to his age, for not promoting him. He has not rebutted the reasons. Learn will take nothing.

2. *Background.*

Richard Learn was an asylum officer in Houston with United States Citizenship and Immigration Services – a division of the Department of Homeland Security. He worked for seven years before he applied to be a supervisory asylum officer. Learn was 63 years old when he applied.

Immigration Services ranked a list of candidates. This list was sent to the selecting officer, Marie Hummert. She chose Bryan Hemming, as her first choice, and Kirk Wills as her second choice. Hemming was 29 and had worked as an asylum officer for three years. Kirk Wills was 39 and had worked there for four years. Hummert's choices were sent to headquarters for approval. Immigration Services approved Hemming. It then decided that it needed a second supervisory asylum officer and it approved her second choice, Wills.

Learn says that he was not promoted because he was old.

3. *Reasons.*

Hemming and Wills were better candidates than Learn for four reasons.

Both had other training that was well suited for asylum work. Hemming had earned a law degree from Indiana University. Wills had worked as a district-adjudication officer – interviewing and deciding applications for immigration.

Hemming and Wills wrote better. Hemming's writing was clear, concise, and well organized. Wills also wrote well.

Hemming and Wills were tactful and polished. Hemming was professional and calm with people both in and out of the Houston office. Wills's interviews were cordial and professional.

Hemming and Wills were leaders. Hemming had served as an acting supervisor when the office was short-staffed. He also served as the office's quality-assurance trainer – he led four-hour training sessions each week for other asylum officers. Wills showed leadership and dedication by reporting to work during hurricane Ike despite having been out of contact with his supervisors.

Learn's evaluations show only that he was doing a good job generally. They do not rank his performance, and they say nothing about it compared to his colleagues. Learn's writing was adequate. His legal sophistication, though adequate, was inferior to the others.

Learn was quick tempered, sarcastic, and often rude. He says that his job as a union steward explains his conflict with his supervisors. He says that he never argued with supervisors otherwise. One evaluation notes that Learn lost his patience with a supervisor and was unprofessional. Learn's job is to serve the public; his union work cannot supply a missing qualification.

Learn says that his position as union steward and his military experience show him to be a leader. Although he had had those jobs, he demonstrated no leadership in accomplishing the Houston office's work. He says that he showed his leadership by taking over 130 online-training courses – many dealing with leadership skills. Learn was a student in those classes, while Hemming had taught training courses.

4. *Standard.*

Learn's facts, taken as true, do not undermine the government's explanation. He cannot

show that the proffered reasons for his having not been promoted were either unworthy of credence or that he was clearly better qualified for the promotion than his peers. The facts Learn presents merely show that he was qualified; the government agrees. Learn, however, was not a materially better candidate than either Hemming or Wills.

Learn has not shown that age discrimination played a role in his not being promoted. Without discrimination, this court need not reach the question of whether a "but for" or "mixed motive" standard should apply. Under either standard, Learn fails to prove a casual connection.

5. *Conclusion.*

Learn was not promoted because his peers were materially better candidates, not because he was old. He has offered no fact to contradict the government's explanation for selecting Hemming and Wills. He has shown only that he was old and not promoted. Those are necessary conditions, not sufficient ones.

Richard Learn will take nothing from the United States of America.

Signed on August 24, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge